IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Case Nos. CV-07-426-S-BLW |
| | ) | CR-06-123-S-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| JUAN MORALES-SANCHEZ, | ) | **AND ORDER** |
| | ) | |
| Defendant-Movant. | ) | |

Pending before the Court is Defendant-Movant's Motion to Vacate, Set

Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C.

§ 2255 (Docket No. 1 in civil case), Application for Leave to Proceed in Forma

Pauperis (Docket No. 2 in civil case), and Motion for Status and Ruling (Docket

No. 6 in civil case).[1]  Having reviewed the record, and being otherwise fully

informed, the Court enters the following Order dismissing the § 2255 Motion.

## REVIEW OF 28 U.S.C. § 2255 MOTION

### A.    Background and Summary of Issues

Defendant-Movant ("Morales-Sanchez") was charged with illegal reentry in

violation of 8 U.S.C. § 1326.  *Indictment* (Docket No. 1).  He is a native and

---

[1]  Unless otherwise noted, all further docket numbers will refer to the
underlying criminal case.

**Memorandum Decision and Order - 1**

citizen of Mexico who reentered the United States without the consent of the

Secretary of the Department of Homeland Security following deportation from the

United States to Mexico.  *Plea Agreement*, p. 2 (Docket No. 9).  He had been

convicted of a crime of violence prior to his removal from the United States.  *Id.*

Following his plea of guilty, Morales-Sanchez was sentenced to a term of

imprisonment of 40 months.  *Judgment* (Docket No. 21).  He did not appeal his

conviction or sentence.

Morales-Sanchez timely filed the pending § 2255 Motion alleging four

grounds of relief all premised on the assertion that 8 U.S.C. § 1326 is null and void

or unconstitutional because there are no implementing regulations in the Code of

Federal Regulations and because immigration violations are civil, not criminal, in

nature.  More specifically, he alleges (1) ineffective assistance of counsel for

failure to discover that § 1326 is unconstitutional; (2) prosecutorial misconduct for

prosecuting him under the allegedly unconstitutional statute; (3) lack of

jurisdiction of the district court; and (4) due process violations on the part of the

Court and "all governmental entities involved" for failing to protect his

constitutional rights when it prosecuted him under the allegedly  unconstitutional

statute.  Morales-Sanchez asks the Court to declare his conviction null and void

and order his release.

**Memorandum Decision and Order - 2**

**B.     Standard of Law**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."  A motion filed pursuant to § 2255 must allege specific facts which, if true, would entitle an individual to relief.  *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citing *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.1996)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  If it does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and

**Memorandum Decision and Order - 3**

motion, or after consideration of the pleadings and an expanded record.  *See*

Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254

Proceedings incorporated by reference into the Advisory Committee Notes

following Rule 8 of the Rules Governing Section 2255 Proceedings.

### C.    Discussion

Section 1326(a) of Title 8 of the United States Code provides that

noncitizens are prohibited from reentering the United States if they have "been

denied admission, excluded, deported, or removed. . . ."  8 U.S.C. § 1326(a).

Anyone who violates that provision is subject to fine or imprisonment, the length

of the potential imprisonment being dependent on whether the individual was

deported following a conviction for an aggravated felony.

In a somewhat different context, the Ninth Circuit has upheld the

constitutionality of § 1326.  *See United States v. Hernandez-Guerrero*, 147 F.3d

1075 (9th Cir. 1998).  *See also United States v. Ruiz-Chairez*, 493 F.3d 1089, 1091

(9th Cir. 2007) (recognizing that § 1326 is a legitimate exercise of Congress's

immigration power under *Hernandez-Guerrero*).

Hernandez-Guerrero argued that Congress can only enact criminal laws

utilizing a two-step constitutional process involving (1) identifying a power

specifically enumerated in the Constitution, and (2) determining what implied

**Memorandum Decision and Order - 4**

powers are necessary and proper to effectuate that enumerated power.  He argued that because immigration power is not an enumerated power, Congress could not enact a criminal statute under the Necessary and Proper Clause of the Constitution criminalizing immigration violations.  *Id.* at 1076.  The Ninth Circuit cited a century of decisions that "universally acknowledged" that Congress possesses sweeping authority over immigration policy and that the two-step inquiry is applicable only to internal affairs which do not include immigration policy.  *Id*. at 1076-77.  Finally, the Ninth Circuit rejected Hernandez-Guerrero's claim that courts had held "without exception" that the immigration power was a civil rather than a criminal power.  *Id.*  at 1077.  The court observed that the cases cited by Hernandez-Guerrero held merely that "*deportation proceedings* are civil in nature, and are not tantamount to criminal prosecutions."  *Id.* (emphasis in original).

Similarly, Morales-Sanchez argues that "immigration type violations, are civil in nature, and cannot be used to criminally penalize anyone." § 2255 Motion, p. 5 (Docket No. 1 in civil case).  That argument was soundly rejected in *Hernandez-Guerrero*.  What was not raised in *Hernandez-Guerrero* was Morales-Sanchez's second argument that § 1326 is unconstitutional because it does not appear in the Code of Federal Regulations and there are no "implementing regulations."  However, that issue has been addressed and rejected by the Tenth

**Memorandum Decision and Order - 5**

Circuit, albeit in an unpublished opinion.

In *United States v. Prado-Jimenez*, 269 Fed. Appx. 853 (10th Cir. 2008), Prado-Jimenez had asserted all of the grounds for relief based on the alleged unconstitutionality of § 1326 that Morales-Sanchez has asserted here, including ineffective assistance of counsel, lack of jurisdiction, prosecutorial misconduct, and violations of his due process rights by all officers of the court involved in his conviction. *Id*. at 854. In denying a certificate of appealability of the district court's denial of his § 2255 motion, the Tenth Circuit concluded that Prado-Jimenez had failed to demonstrate the denial of a constitutional right because there is no requirement that criminal statutes have implementing regulations. *Id*. (citing *United States v. Alden*, 141 Fed. Appx. 562, 563 (9th Cir. 2005)).

Alden had appealed his drug conviction on several grounds. The Ninth Circuit rejected his argument that the Controlled Substances Act could not be applied to him because it lacked implementing regulations. Alden based his argument on *United States v. Mersky*, 361 U.S. 431, 440 (1960). In rejecting the argument, the court noted that *Mersky* merely held that regulations would not be interpreted to impose criminal sanctions absent clear intent – not that criminal statutes were required to have implementing regulations. *Alden*, 141 Fed. Appx. at 563. Morales-Sanchez likewise has erroneously relied on *Mersky* in support of his

**Memorandum Decision and Order - 6**

identical argument.  *See* § 2255 Motion, p. 20.

Given that there is no support for Morales-Sanchez's claim that 8 U.S.C. § 1326 is unconstitutional, the Court need not address individually his four grounds for relief based on that claim.  Accordingly, the § 2255 Motion is subject to dismissal.

## ORDER

IT IS HEREBY ORDERED that Morales-Sanchez's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in civil case) is DISMISSED, his Application for Leave to Proceed in Forma Pauperis (Docket No. 2 in civil case) is DENIED, and his Motion for Status and Ruling (Docket No. 6 in civil case) is MOOT.

IT IS FURTHER HEREBY ORDERED that Case No. CV-07-426-S-BLW is DISMISSED with prejudice.

DATED:  **July 24, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 7**